# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                    **CASE NO: 6:17-cr-78-GAP-LHP**

**RIGAUD COLIN**

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following

motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S CLAIM FOR EXEMPTIONS AND REQUEST FOR HEARING OR TRANSFER (Doc. No. 79)** |
| **FILED:** | **November 12, 2021** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

| | |
|---|---|
| **MOTION:** | **UNITED STATES' RESPONSE TO DEFENDANT'S REQUEST FOR HEARING AND MOTION FOR FINAL ORDER OF GARNISHMENT (Doc. No. 80)** |
| **FILED:** | **November 19, 2021** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

## I.     BACKGROUND

On March 29, 2017, a grand jury returned an indictment against Defendant Rigaud Colin, charging him with ten counts of wire fraud, and fourteen counts of filing fraudulent income tax returns with the Internal Revenue Service ("IRS"), in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 287, respectively.   (Doc. 1).   Colin executed a plea agreement, and on July 25, 2017, he pleaded guilty pursuant to that agreement to one count of wire fraud in violation of 18 U.S.C. § 1343, and one count of making or presenting false claims to the United States, in violation of 18 U.S.C. § 287.   (Docs. 25, 31, 34).   The plea agreement, among other things, included a restitution provision and a forfeiture money judgment in the amount of $1,393,097. (Doc. 25, at 6, 9).   Colin was adjudicated guilty of both counts on July 26, 2017. (Doc. 40).

On October 19, 2017, the United States moved for entry of an order of forfeiture in the amount of $189,409, which represented the amount of the proceeds Colin obtained as a result of his participation in the wire fraud offense.   (Doc. 44). The United States recognized that it originally sought to forfeit $1,393,097 (the total amount of the loss), but in light of the recent Supreme Court decision *Honeycutt v. United States*, 137 U.S. 1626 (2017), the United States only sought to forfeit the amount of proceeds Colin himself obtained from his participation in the charged

offense.   (*Id.*, at 2).   The Court granted the motion and issued an order of forfeiture in the amount of $189,409 on October 23, 2017.   (Doc. 45).

That same day, the Court sentenced Colin to a term of 27 months' imprisonment, a two-year term of supervised release, and awarded restitution in the amount of $1,226,993 to the IRS.   (Doc. 46).   Judgment was entered accordingly on October 24, 2017.   (Doc. 48).   The Judgment also incorporated the order of forfeiture.    (*Id.*, *see also* Doc. 45).

Colin did not appeal the Judgment and did not otherwise challenge any portion of his sentence or Judgment until March 15, 2021, when he moved, *pro se*, to withdraw his plea agreement.   (Doc. 56).   Colin based his request on his belief that the plea agreement was in error because it still listed the original forfeiture amount of $1,393,097, instead of the reduced amount of $189,409 that was ordered on October 23, 2017.   (*Id.*).   The Court denied the motion on June 2, 2021, noting that the Court lacked jurisdiction to grant Colin's request, and that Colin was "seemingly conflating the ordered amount of restitution with the ordered forfeiture amount."   (Doc. 61, at 1-2, citing 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)). Because the Judgment reflected the correct amounts of restitution and forfeiture, Colin was not entitled to relief.   (*Id.*, at 2).   Colin renewed this same argument in a later-filed "Motion to Enforce Court Order of Forfeiture," which the Court denied on September 1, 2021.   (Docs. 70, 77; *see also* Doc. 75).   In that Order, the Court

again pointed out that Colin was "confus[ing] the ordered amount of restitution with the ordered forfeiture amount," and that the Judgment reflects the correct amounts of both.   (Doc. 77, at 1-2).

## II.   THE WRIT OF GARNISHMENT

In the meantime, on July 2, 2021, the United States continued in its efforts to collect on the $1,226,993 restitution award and filed an Application for Writ of Garnishment.   (Doc. 65).   The United States requested the issuance of a writ for garnishment on Garnishee TD Ameritrade, Inc., which the United States believed was in possession, custody, or control of substantial nonexempt property – an IRA account in Colin's name.   (*Id.*, at 2; Doc. 65-1).   Finding the application satisfied the requirements of 28 U.S.C. § 3205(b), the undersigned granted the application on July 12, 2021.   (Doc. 67).   The writ issued on July 29, 2021, along with the required Clerk's Notice of Garnishment.   (Docs. 72-73).

On July 20, 2021, before the writ of garnishment and Clerk's notice issued, and before the Court received an answer from TD Ameritrade, Colin filed a premature Claim for Exemptions and Request for Hearing or Transfer, the sole basis for which was an unsupported claim that he did not owe the money to the United States as claimed.   (Doc. 71; *see also* 28 U.S.C. § 3202(d) (providing that any objections and request for hearing are to be made within 20 days *after* receipt of notice of the writ); and 28 U.S.C. § 3205(c)(5) (providing that objections and requests

for hearings are to be made within 20 days *after* receipt of the answer by the garnishee)).   This request was not addressed by the Court.

On August 6, 2021, TD Ameritrade answered the writ of garnishment, reporting that Colin may have an interest in two brokerage accounts:   (1) an individual account with a balance of $28.71 in cash; and (2) a traditional IRA account with a balance of $64.45 in cash and $32,629 in securities as of July 15, 2021.   (Doc. 76, at 1-2).   TD Ameritrade also restricted the accounts in accordance with the writ. (*Id.*).   Colin has never filed any objections to TD Ameritrade's answer.   *See* 28 U.S.C. § 3205(c)(5) (providing 20 days to file any objections to a garnishee's answer). Instead, on November 12, 2021, Colin re-filed the now-pending Claim for Exemptions and Request for Hearing or Transfer, which again is based on his contention that he does not owe the money to the United States.   (Doc. 79, at 1). In support, Colin attaches a letter he sent to the Assistant United States Attorney, in which he renews his prior arguments that the plea agreement contains an incorrect forfeiture amount and must be corrected (along with any errors in the Judgment) to reflect the amount listed in the October 23, 2017 Order of Forfeiture.   (*Id.*, at 2).

The United States has filed a response in opposition, arguing that Colin has not presented a colorable claim warranting a hearing under applicable law.   (Doc. 80).   In the same document, the United States also requests entry of a final order of garnishment.   (*Id.*).   And on December 2, 2021, Colin filed a document entitled

"Clarification Letter Regarding the Garnishment's Hearing Request," which appears to be both a reply to the United States' response, and a response to the United States' request for affirmative relief.   (Doc. 81).[1]   The undersigned will consider it as both.   No further filings have been made by either party since December 2021.

The Claim for Exemptions and Request for Hearing or Transfer (Doc. 79) and the Motion for Final Order of Garnishment (Doc. 80) are both fully briefed, and have been referred to the undersigned for the issuance of a report and recommendation. For the reasons discussed below, I will respectfully recommend that Colin's request for hearing be denied, and that the United States' motion for final order of garnishment be granted.

## III.   COLIN'S CLAIM OF EXEMPTION AND REQUEST FOR HEARING

The United States seeks to garnish the property held by TD Ameritrade to satisfy an outstanding restitution judgment under 18 U.S.C. § 3613(a).   That statute permits the United States to enforce a criminal judgment imposing a fine or restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or State law."   18 U.S.C. § 3613(a).   *See also* 18 U.S.C. § 3613(f) ("[A]ll provisions of this section are available to the United States

---

[1]  To the extent Colin's filing is a reply, he did not seek leave prior to filing.   However, in light of Colin's pro se status, and given the United States' filing of a combined response and request for affirmative relief, the Court will not strike the reply.

for the enforcement of an order of restitution.").   "The [Federal Debt Collections Procedure Act (the "FDCPA")] provides the exclusive civil procedures for the United States to obtain satisfaction of a judgment in a criminal proceeding that imposes a fine, assessment, penalty, or restitution in favor of the United States." *United States v. Peters*, 783 F.3d 1361, 1363 (11th Cir. 2015) (citation and internal quotation marks omitted).   Several remedies are available under the FDCPA, including that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor . . . ."   28 U.S.C. § 3205(a).

When the United States commences a proceeding to enforce a judgment, notice must be served on the judgment debtor advising the debtor of the proceeding, possible exemptions, and the right to object and to request a hearing. 28 U.S.C. § 3202(b), (c).   However, the issues that may be raised are limited to:   (1) "the probable validity of any claim of exemption by the judgment debtor," (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted," and (3) if the judgment is by default, the debtor may raise "the probable validity of the claim for the debt which is merged in the judgment; and the existence of good cause for setting aside such judgment."   *Id.* § 3202(d)(1)-(3).   *See also United States v. Goyette*, 446 F. App'x 718, 720 (5th Cir. 2011).   "A defendant is

not entitled to a hearing where he fails to show the Government did not comply with a statutory requirement, or fails to present 'a colorable claimed exemption.'" *United States v. Tripodis*, No. 1:01-cr-109-WSD, 2016 WL 5389142, at *2 (N.D. Ga. Sept. 27, 2016) (citations omitted).

At the outset, there is a question as to whether Colin's claim for an exemption and request for a hearing was timely filed.   The first attempt was premature – filed nine (9) days prior to the issuance of the writ and the Clerk's Notice of Garnishment. (*See* Docs. 71-73; *see also* 28 U.S.C. § 3202(d) (providing 20 days from receipt of the notice of garnishment to file any requests for a hearing)).   Moreover, the Writ and the Clerk's Notice of Garnishment were both issued on July 29, 2021, and there is no indication on the docket that either document was returned as undeliverable, nor does Colin argue that he did not receive them.   (Docs. 72-73).[2]   However, Colin did not renew his claim for exemption and request for hearing until November 12, 2021, more than three (3) months later.   (Doc. 79).   Thus, it is quite likely that Colin's present claim for exemption and request for hearing is untimely. *See* 28 U.S.C. § 3202(d).[3]

---

[2] To the contrary, Colin appears to utilize the form attached to the Writ to file his Claim of Exemption and Request for Hearing.   *See* Docs. 71, 72, 79.

[3] Because Colin did not file any objections to TD Ameritrade's answer, but is limiting his requested relief to a claim for exemption and/or request for hearing, I find that the procedures set forth in 28 U.S.C. § 3202(d) apply, rather than the procedures under 28 U.S.C. § 3205(c)(5) (which provide time limits for objection to a garnishee's answer).

Even assuming that Colin's present claim for exemption and request for hearing is timely, it also fails on its merits.   As previously noted, the only basis for Colin's request is his argument that he does not owe the money to the United States. (Doc. 79, at 1).   Colin does not challenge the amount of his restitution award, nor does he argue that he has paid the restitution award in full.   (*Id.*; *see also* Doc. 81, at 2 (agreeing with the Court that the Judgment states the correct restitution amount)). Rather, the only basis for this argument is Colin's continued assertion that the plea agreement contains the incorrect amount of the forfeiture award and that the Judgment is also therefore incorrect (and Colin does not explain how this argument would impact garnishment or restitution in any event).   (Doc. 79, at 2).   This argument does not fall within any of the categories for which a hearing is permitted under 28 U.S.C. § 3202(d)(1)-(3).   As such, his request for a hearing is due to be denied.   *See Tripodis*, 2016 WL 5389142, at *2; *United States v. Miller*, 588 F. Supp. 2d 789, 797-98 (W.D. Mich. 2008); *United States v. Callicutt*, No. 19-cv-2591-TLP-dkv, 2019 WL 11583432, at *3 (W.D. Tenn. Oct. 28, 2019); *United States v. Montgomery*, No. 5:10-cr-27-Oc-JDW-PRL, Doc. 39 (M.D. Fla. June 21, 2019); *United States v. Frazier*, No. 1:03-cr-229-ODE, Doc. 76, at 5-6 (N.D. Ga. Apr. 7, 2016).

In his reply/response, Colin appears to raise an argument that his TD Ameritrade accounts should not be subject to garnishment because they are his retirement accounts.   (Doc. 81, at 1).   And while certain annuity and pension

payments are exempt from garnishment (*see* 26 U.S.C. § 6334(a)(6)), as several courts have held, the Mandatory Victim Restitution Act of 1996 (MVRA) allows garnishment of a defendant's retirement and pension benefits to enforce a criminal restitution order.   *See United States v. Novak*, 476 F.3d 1041, 1047-48 (9th Cir. 2007); *United States v. DeCay*, 620 F.3d 534, 540 (5th Cir. 2010); *United States v. Torres*, No. 2:09-cr-80-FtM-29DNF, 2019 WL 3457833, at *1 (M.D. Fla. July 31, 2019).   *See also United States v. Fussell*, 567 F. App'x 869 (11th Cir. 2014).   Thus, to the extent that Colin's reply/response raises an argument that the TD Ameritrade accounts are exempt from garnishment and therefore he is entitled to a hearing, that argument also fails.   *See United States v. Harris*, No. 3:12-cv-2133-D, 2012 WL 5845544 (N.D. Tex. Nov. 19, 2012) (denying request for hearing under Section 3202(d) because whether garnished profit-sharing plan account was exempt was an issue of law that did not require a hearing).   Further, the remaining argument Colin continues to assert – that the forfeiture amount in his plea agreement is incorrect – has been rejected by the Court twice, (*see* Docs. 61, 77), and will not be further revisited.   I will therefore respectfully recommend that Colin's request for hearing and claim for exemption be denied.

## IV.   UNITED STATES' MOTION FOR FINAL ORDER OF GARNISHMENT

In the event the Court finds that Colin has not presented a colorable claim of exemption warranting a hearing, the United States requests the entry of a final order

of garnishment.   (Doc. 80, at 5).   Upon review, I will also recommend that this request be granted.

Pursuant to 28 U.S.C. § 3205(c)(7):   "[a]fter the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property."   Here, the garnishee, TD Ameritrade, has filed its answer, but Colin has requested a hearing.   However, as discussed above, Colin's request for a hearing is without merit, and falls outside the statutorily identified bases for requesting a hearing.   Beyond his unsuccessful contention that his retirement accounts should not be garnished, and the previously rejected arguments concerning the forfeiture amounts in the plea agreement and judgment, Colin provides no other reason why a final order of garnishment should not be entered.   And, upon review of the record, I find that the United States has satisfied all of the requirements of 28 U.S.C. § 3205(b) and (c).   As such, I will also respectfully recommend that a final order of garnishment be entered as to the nonexempt property listed on the answer by TD Ameritrade.   (Doc. 76).   *See, e.g.*, *United States v. Rosin*, No. 8:05-cr-143-T-24MAP, 2010 WL 454933 (M.D. Fla. Feb. 9, 2010) (addressing claim of exemption and other objections and finding them without merit, granting final order of garnishment without holding a separate hearing).

## V.   RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** as follows:

1.      That Defendant's Claim for Exemption and Request for a Hearing or Transfer (Doc. 79) be **DENIED**;

2.      That the United States' Motion for Final Order of Garnishment (Doc. 80) be **GRANTED**;

3.      That Garnishee TD Ameritrade, Inc., be ordered to pay the current balance of Defendant Rigaud Colin's nonexempt interests in his individual account ending in 7301 (approximately $28.71 in cash) and in his traditional IRA account ending in 5704 (approximately $64.45 in cash and $32,629.00 in securities) to the United States as payment toward Colin's restitution obligation;

4.      To effectuate the payment, Garnishee TD Ameritrade, Inc., be further ordered to liquidate Defendant's nonexempt interests in the above-identified accounts and a cashier's check or money order should be made payable to "Clerk, United States District Court," bear the notation of "Rigaud Colin, Case No. 6:17-cr-78-GAP-LHP," and be mailed to

Clerk, United States District Court
ATTN:   DCU
401 West Central Boulevard
Suite 1200
Orlando, Florida 32801

## **NOTICE TO PARTIES**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 25, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy