UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                              CASE NO: 6:17-cr-78-GAP-LHP

RIGAUD COLIN

**ORDER**

This matter is before the Court on Defendant's objection (Doc. 84) to United States Magistrate Judge Leslie Hoffman Price's Report and Recommendation (Doc. 82) recommending the Court deny Defendant's Claim for Exemptions and Request for Hearing or Transfer (Doc. 79) and grant the United States' Motion for Final Order of Garnishment (Doc. 80). In deciding this matter, the Court has reviewed the pertinent filings, including the United States' Response (Doc. 86).

**I.     Background**

As part of a 2017 conviction for filing fraudulent tax returns, Defendant Rigaud Colin ("Colin") was ordered to pay $1,226,993.00 in restitution and a forfeiture order in the amount of $189,409 was entered. *See* Docs. 45, 48. On July 2, 2021, the United States sought to collect property held by TD Ameritrade on behalf of Colin—primarily, an IRA account—to satisfy Colin's restitution obligation. *See*

Doc. 65. An Application for Writ of Garnishment was granted on July 12, 2021.[1] *See* Doc. 67. The writ was issued on July 29, 2021. *See* Doc. 72. As was the Clerk's Notice. *See* Doc. 73.

TD Ameritrade answered the Writ of Garnishment on August 6, 2021. *See* Doc. 76. It identified two brokerage accounts that Colin may have an interest in: (1) an individual account with a balance of $28.71 in cash; and (2) a traditional IRA account comprised of $64.45 in cash and $32,629.00 in securities.[2] *See id.* at 1-2. Colin filed a Claim for Exemptions and Request for Hearing or Transfer on November 12, 2021, wherein he "request[ed] a hearing because" he "do[es] not owe the money to the United States as it says [he] does."[3] *See* Doc. 79 at 1. Specifically, Colin asserted that his criminal judgment was "based on a plea agreement with an incorrect forfeiture amount" and, therefore, the United States "should rectify the forfeiture amount in the plea agreement before enforcing th[e] judgment."[4] *See id.* at 2.

---

[1] Magistrate Judge Hoffman Price determined that it "state[d] all of the information required by 28 U.S.C. § 3205(b) for the issuance of a writ of garnishment." *See* Doc. 67 at 2.

[2] These figures reflected the values as of July 15, 2021. *See* Doc. 76 at 2.

[3] Colin filed a similar Claim for Exemptions and Request for Hearing or Transfer in late July of 2021, after the Application for Writ of Garnishment was granted but before issuance of the writ. *See* Doc. 71.

[4] Colin has asserted this argument on numerous occasions.

In its response, the United States argued that Colin is not entitled to any exemption from the proposed garnishment because the Court already rejected his argument regarding the forfeiture amount listed in the plea agreement. *See* Doc. 80 at 3-4. It also moved for entry of a final order of garnishment. *See id.* at 5.

Magistrate Judge Hoffman Price recommends that the Court deny Colin's request for a hearing and claim for exemption, and that the Court grant the United States' request for entry of a final order of garnishment. *See* Doc. 82. Colin objects to Magistrate Judge Hoffman Price's Report and Recommendation, primarily asserting that he does not owe *any* restitution because an incorrect forfeiture amount was utilized in his plea agreement.[5] *See* Doc. 84.[6]

## II. Legal Standard

Upon timely objection to a magistrate judge's report and recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

---

[5] Colin argues that Magistrate Judge Hoffman Price erred in concluding that his claim for exemption and request for a hearing was "quite likely" submitted late. *See* Doc. 82 at 8; Doc. 84 at 4. But the Court need not wade into this issue—even if Colin's claim for exemption and request for a hearing was timely, he is not entitled to a hearing.

[6] The day before Magistrate Judge Hoffman Price issued her Report and Recommendation, Colin filed a "Letter to the Judge." *See* Doc. 83. It appears that Magistrate Judge Hoffman Price was not aware of this "Letter to the Judge" when she issued her Report and Recommendation. *See* Doc. 82 at 6. This Court has reviewed Colin's "Letter to the Judge" and it does not change this Court's analysis of Magistrate Judge Hoffman Price's recommendation or the recommendation itself.

U.S.C. § 636(b)(1).; *see also* Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III.  Analysis

"The Federal Debt Collection Procedures Act provides the exclusive civil procedures for the United States' to obtain satisfaction of a judgment in a criminal proceeding that imposes a fine, assessment, penalty, or restitution in favor of the United States." *United States v. Duran*, 701 F.3d 912, 915 (11th Cir. 2012) (internal quotation marks and citations omitted). One of those procedures involves the issuance of "a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor." 28 U.S.C. § 3205(a).

"Upon commencing an action to recover property under the FDCPA, the government must prepare, and the clerk of court must issue notice to the judgment debtor with specific statutory language, including notice that a hearing must be requested within 20 days of receiving notice . . . . " *United States v. Peters*, 783 F.3d 1361, 1363-64 (11th Cir. 2015) (citing 28 U.S.C. § 3202(b)). If a hearing is requested, "[t]he issues . . . shall be limited" to—pertinent here—"the probable validity of any claim of exemption by the judgment debtor" and "compliance with any statutory

requirement for the issuance of the postjudgment remedy granted."[7] 28 U.S.C. § 3202(d)(1) & (2).

Colin principally argues that he is entitled to a hearing because he does not owe any restitution. *See, e.g.*, Doc. 84 at 3 ("If the plea agreement were properly updated with the correct $189,409 forfeiture amount . . . there would be no felony conviction, no imprisonment[,] and no $1,226,993 restitution."). But the Court previously determined that "[t]he criminal judgment reflects the correct restitution and forfeiture amounts to be paid." *See* Doc. 61 at 2; Doc. 77 at 1.

Colin's second objection fails. Although Colin argues that the "IRS . . . decided to exempt" his "IRA account way before this [garnishment] procedure started," he provides no support for that conclusion. *See* Doc. 84 at 4. Nor does he try to tie that contention to one of the enumerated exceptions in 18 U.S.C. § 3613(a). Finally, to the extent that Colin's objection can be construed as an assertion that his IRA cannot be garnished solely because it is a retirement account, he is incorrect. *C.f. United States v. Souffrant*, 601 F. App'x 883, 885 (11th Cir. 2015).

---

[7] Magistrate Judge Hoffman Price analyzed Colin's claim for exemption and request for a hearing under 28 U.S.C. § 3202(d), not 28 U.S.C. § 3205(c)(5), because he did not specifically object to TD Ameritrade's answer. *See* Doc. 82 at 8 n.3. The Court discerns no error. *See, e.g., United States v. Tripodis*, 1:01-cr-109, 2016 WL 5389142, at *2 n.4 (N.D. Ga. Sept. 27, 2016) (considering a defendant's request for a hearing under § 3202(d) "because he challenge[d] the validity of the writ [of garnishment] itself, the Government's compliance with the FDCPA, and whether the funds in the SunTrust Account are exempt from garnishment").

In the absence of a colorable claim for exemption or argument that the United States failed to comply with procedural directives, the Court need not hold a hearing. *C.f. United States v. Lopez*, 672 F. App'x 910, 914 (11th Cir. 2016) ("Because Lopez failed to raise even a colorable claim that the Government failed to comply with a statutory notice requirement or that he had a colorable claimed exemption, we cannot say that the district court erred by failing to hold a hearing.").

## IV.  Conclusion

Accordingly, Colin's objections (Doc. 84) are **OVERRULED** and Magistrate Judge Hoffman Price's Report and Recommendation (Doc. 82) is **AFFIRMED**.

The United States' Motion for Final Order of Garnishment (Doc. 80 at 5) is **GRANTED**. Garnishee TD Ameritrade, Inc. is **ORDERED** to pay the current balance of Colin's nonexempt interests in his individual account ending in 7301 and in his traditional IRA account ending in 5704 to the United States as payment toward Colin's restitution obligation.

To effectuate the payment, Garnishee TD Ameritrade, Inc., is further **ORDERED** to liquidate Colin's nonexempt interests in the above-identified accounts and remit a cashier's check or money order payable to "Clerk, United States District Court," bearing the notation "Rigaud Colin, Case No. 6:17-cr-78-GAP-LHP," to:

> Clerk, United States District Court
> Attn: DCU
> 401 West Central Boulevard, Suite 1200
> Orlando, Florida 32801

**DONE** and **ORDERED** in Orlando, Florida on July 7, 2022.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant